**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| LORRAINE BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-1175-CV-FJG |
| | ) |
| SAM'S CLUB, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss (Doc. # 9) and plaintiff's Motion for a Settlement Hearing (Doc. # 18).

### I. BACKGROUND

On November 22, 2005, plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. On January 25, 2006, plaintiff's Motion was granted and plaintiff's Complaint was filed. In her Complaint, plaintiff alleges that she was underpaid, retaliated and discriminated on the basis of her race and gender in violation of Title VII, 42 U.S.C. § 2000e. Plaintiff attached to her Complaint, a Right to Sue letter which was dated June 16, 2004. Defendant has moved to dismiss the case because the Complaint was filed more than ninety days after plaintiff received her right to sue letter.

### II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52

F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). Defendant moves to dismiss plaintiff's Complaint because it is time barred.

### III. DISCUSSION

Defendant argues that plaintiff's Title VII claim should be dismissed because plaintiff failed to file her Complaint within ninety days after receiving the Notice of Right to Sue letter from the EEOC. The Notice of Right to Sue letter was sent to plaintiff on June 16, 2004. However, plaintiff did not file her Complaint until November 22, 2005, almost sixteen months later. Complaints not filed within ninety days after receipt of the Notice from the EEOC are time barred. See Maegdlin v. International Ass'n of Machinists and Aerospace Workers Dist. 949, 309 F.3d 1051, 1052 (8th Cir. 2002)(Title VII claims). Plaintiff does not directly refute the issue of timeliness, except to say that under the post Civil War statutes, she has up to four years to file her lawsuit in federal court to seek redress for the discrimination she has suffered. Defendant states in reply that plaintiff's reference to the Civil Rights Act of 1991 is not applicable to a claim under

2
Case 4:05-cv-01175-FJG   Document 22   Filed 06/07/06   Page 2 of 4

Title VII, and that while the four year statute of limitations may apply to other causes of action, it is not applicable to claims under Title VII, which is what plaintiff's claims are plead under.

The Court finds that because plaintiff failed to file her Title VII claim within the ninety day period after receipt of her Notice of Right to Sue, her Title VII claim is untimely.  Accordingly, the Court hereby **GRANTS** defendant's Motion to Dismiss plaintiff's Title VII claim (Doc. # 9).  However, plaintiff is correct that the statute of limitations for actions under 42 U.S.C. § 1981 is four years. See Hamilton v. Enterprise Leasing Company of St. Louis, No. 4:04-CV-802-CAS, 2005 WL 2647959 (E.D.Mo. Oct. 17, 2005).  Therefore, the Court will allow plaintiff an opportunity to amend her Complaint to state a claim under this statute. Plaintiff shall file her Amended Complaint on or before **June 13, 2006**.

Plaintiff filed a Motion for a Settlement Hearing (Doc. # 18).  Defendant filed a response indicating that they had no opposition.  It is the Court's understanding that this case has been assigned to the Early Assessment Program and that a meeting has been scheduled.  Therefore, plaintiff's Motion for a Settlement Hearing is hereby **DENIED** as **MOOT** (Doc. # 18).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendant's Motion to Dismiss (Doc. # 9).  Plaintiff shall filed an Amended Complaint on or before **June 13, 2006**.  The Court **DENIES** as **MOOT** plaintiff's Motion for a Settlement Hearing (Doc. # 18).

Date:  June 7, 2006                             **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                                United States District Judge